Argued and submitted June 9, 1982, affirmed as modified January 12, 1983

In the Matter of the Compensation of
Patrick Elliott, Claimant.

ELLIOTT,
*Petitioner,*

*v.*

LOVENESS LUMBER CO. et al,
*Respondents.*

(WCB Nos. 80-01598, 80-04905; CA A22533)

656 P2d 378

Robert Udziela, Portland, argued the cause for petitioner. On the brief was David R. Vandenberg, Jr., Klamath Falls.

No appearance for respondent Loveness Lumber Co.

Brian L. Pocock, Eugene, waived appearance for respondent, Argonaut Insurance Company.

Emil R. Berg, Portland, argued the cause for respondent EBI Companies. With him on the briefs was Wolf, Griffith, Bittner, Abbott & Roberts, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Claimant appeals an order on reconsideration of the Workers' Compensation Board that eliminated the 25 percent penalty that had been imposed on EBI Companies for unreasonably refusing to pay compensation.

Claimant suffered an on-the-job injury to his lower back on November 15, 1979, when his employer was insured by Argonaut Insurance Company. That injury was an aggravation of a previous injury incurred on June 22, 1978, while claimant was working for the same employer, but when the employer was insured by EBI Companies.[1]

After the 1979 injury, claimant was treated by Dr. Scheer. He initially filed a claim with Argonaut, which denied the claim, stating that it appeared that claimant's back condition was the result of his earlier injury and not a new injury. Dr. Scheer then sent a letter to EBI informing them of the denial by Argonaut and asking that claimant's file be re-opened because of the "re-injury/aggravation of pre-existing injury having occurred June 22, 1978." EBI denied the claim, "due to the fact that you sustained new injury on November 15, 1979 * * * constituting a new claim."

The referee determined that EBI was the responsible carrier, ordered it to accept the claim, awarded an attorney fee and assessed a 25 percent penalty for unreasonable refusal to pay compensation. See ORS 656.262(8). The Board initially affirmed the referee but, in an order on reconsideration, it eliminated the imposition of the 25 percent penalty for unreasonable refusal to pay compensation. It concluded that the information available to EBI on the date its denial was issued "was not then of sufficient quantity or quality to make its denial unreasonable."

The Board pointed out that the current version of OAR 436-54-322 imposes a specific duty on an insurer to request designation of a paying agent when it appears that there is an issue of responsibility for an otherwise compensable condition. It concluded, however, that the version of

---

[1] EBI attempted to cross-appeal that determination, but its appeal was dismissed because it was not timely filed.

OAR 436-54-322 in effect at the time of EBI's denial did not impose such a specific duty and that EBI should not be penalized for failing to pay compensation when there was ambiguity in Dr. Scheer's reports as to whether claimant's condition was the result of an aggravation or a new injury.

By concerning itself with the fact that the new rule was not yet in effect, the Board erroneously concluded that there was no duty on EBI that would bring the penalty statute into play. In *Silsby v. SAIF,* 39 Or App 555, 592 P2d 1074 (1979), we held that:

> "* * * the triggering event for the purpose of awarding penalties for failure to accept, deny or pay interim compensation for an alleged aggravation is the receipt of 'medical verification' as contemplated in ORS 656.273(6). Usually, verification need go no further than to state that there is a worsened condition arising out of the original injury or disease. Unless such verification flies in the face of other evidence sufficient to make the verification inherently incredible, the carrier's duty to pay commences and failure to pay (or deny the claim) will expose the carrier to the possibility of penalties after 14 days." 39 Or App at 563.

*See Moore v. Commodore Corp.,* 55 Or App 480, 638 P2d 491 (1982).

That there was a question as to which of two insurers was responsible for the claim does not excuse EBI. ORS 656.307 recognizes that there may be situations in which there is an issue as to which insurer is responsible for a compensable injury. The *statute* provides that the director shall designate who shall pay the claim, and that

> "* * * [p]ayments shall begin in any event as provided in subsection (4) of ORS 656.262. When a determination of the responsible paying party has been made, the director shall direct any necessary monetary adjustment between the parties involved. * * *"

ORS 656.262(4) requires that compensation commence no later than 14 days after an employer receives notice of the claim. In this case, neither insurer sought designation of a paying agent. Even without the administrative rule requiring that an insurer make such a request, it is not relieved of its duty to pay compensation within the statutory time limits. Whip-sawing between insurers is precisely what ORS 656.307 was designed to prevent.

The portion of the Board's order on reconsideration that eliminates the imposition of a 25 percent penalty is reversed, and the referee's order imposing a 25 percent penalty against EBI is reinstated. Affirmed as modified.