In the Matter of the Compensation of
Phillip D. Moyer, Claimant.

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Petitioner,*

*v.*

MOYER,
*Respondent.*

(81-01858; CA A25784)

664 P2d 1140

Donna M. Parton, Associate Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause for petitioner. With her on the brief was Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem.

Alan M. Scott, Portland, argued the cause for respondent. With him on the brief were John M. Pitcher and Galton, Popick & Scott, Portland.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

Richardson, P. J., dissenting.

## VAN HOOMISSEN, J.

SAIF appeals an order of the Workers' Compensation Board affirming the referee's imposition of penalties against SAIF because of its failure to request that the Workers' Compensation Department designate a paying agent pursuant to ORS 656.307. That statute directs the department to enter such an order when there is an issue between two or more employers or their insurers regarding responsibility for payment of compensation. We affirm.

Claimant suffered a compensable back injury in 1976. SAIF was responsible, and it processed the claim to closure. In 1978 and 1979, claimant sustained two compensable aggravations of his condition, and SAIF again paid those claims. On December 8, 1979, while EBI insured his employer, claimant experienced further problems with his back following a fall at work. Four days later, he requested postponement of a hearing on the extent of the disability related to his previous aggravations, because he had "sustained either a new injury and/or an aggravation of his SAIF claim * * *" and he was not at that time medically stationary.

On December 19, 1980, EBI denied claimant's new injury claim on two grounds:

1. "There is no evidence to substantiate the compensability of your injury."

2. "If your present condition is compensable, it is as a result of an aggravation of your previous injury of which State Accident Insurance Fund is the carrier and should be contacted."

On January 12, 1981, claimant wrote to both EBI and SAIF. He requested that EBI rescind its denial and withdraw the contention of noncompensability, and he filed an aggravation claim with SAIF. On February 4, EBI amended its denial to deny on the basis of nonresponsibility only. On February 5, in response to a letter from SAIF requesting additional information, claimant's attorney sent the requested information and asked "that if SAIF denies Claimant's aggravation claim, that it does so exclusively on the basis of responsibility and not on the basis of compensability of the most recent claim." He included the report of Dr. Cockburn, the only medical opinion on compensability in the case, which stated:

"* * * While delivering beer on December 8, 1980, he [claimant] slipped on ice and fell onto his left hip. In the examiner's opinion, he experienced an entirely new injury, not an aggravation of his old injury. He was injured in the same area of his body but by an entirely different injury.

"* * * * *

"The diagnosis for this injury: Strain, cervical and lumbar spine, acute, due to fall."

On February 23, 1981, claimant notified SAIF that EBI had withdrawn its contention of noncompensability and requested that SAIF request an order designating a paying agent so that claimant could receive temporary disability benefits pending the determination of responsibility for his claims. ORS 656.307.

The next day, SAIF denied the claim:

"In addition, the documentation available to SAIF does not establish the compensability of a new injury or a claim for aggravation."

Although claimant requested that SAIF amend its denial and reminded SAIF that its denial precluded the issuance of an ORS 656.307 order, SAIF continued to deny compensability. At the hearing, SAIF continued to deny compensability. The only medical evidence on compensability or responsibility was the report of Dr. Cockburn. The referee found the claim compensable and assigned responsibility to EBI.

Claimant requests imposition of penalties against SAIF on three grounds: (1) its failure to pay interim compensation pending its denial, (2) the alleged lateness of its denial, and (3) the unreasonableness of its denial.[1] The referee declined to award penalties on the first two grounds because of irregularities in the presentation of the aggravation claim to SAIF. The referee concluded, however, that SAIF's denial of compensability was "totally without merit," and he imposed

---

[1] Claimant also asked for a penalty against EBI for unreasonable denial of compensability and for unreasonable failure to request a paying agent order. EBI stipulated to the unreasonableness of its first denial of compensability, but the referee declined to award a penalty, because EBI denied within 14 days of the injury and, thus, no interim compensation was due on which a penalty could be based. The referee also denied a penalty for EBI's failure to request a paying agent, because an order could not be issued unless all involved insurers stipulated to compensability, and SAIF refused to stipulate.

the maximum penalty of 25 percent of the temporary total disability benefits due claimant because of both SAIF's unreasonable refusal to concede compensability and its refusal to allow an ORS 656.307 order to issue. The Board affirmed.

SAIF appeals the penalty issue. The *only* medical evidence states unequivocally that claimant sustained an entirely new injury and not an aggravation. No legitimate basis existed for contending that the claim was not compensable as to at least one of the insurers. SAIF contends, however, that it had a legitimate doubt as to its "liability" on the claim and that, therefore, its denial of compensability was reasonable. SAIF confuses responsibility with compensability. OAR 436-54-332, "Designation And Responsibility of a Paying Agent," defines "Compensable Injury" as "an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death." "Responsibility" is also defined in OAR 436-54-332 as "liability under the law for the acceptance and processing of a compensable injury claim." If an employer or its insurer were allowed to deny compensability whenever its "liability" was in question, an ORS 656.307 order would never issue, because the question of each insurer's liability is always presented in an aggravation/new injury claim. Clearly, that would defeat the purpose of the statute, which is to provide compensation when only the liability of each insurer and not compensability is at issue. We conclude that SAIF's argument lacks merit.

SAIF also argues that, while claimant's actions were procedurally permissible, they constituted an improper manipulation of the compensation system to obtain benefits. It hypothesizes that, because there was no evidence of an aggravation, claimant brought a "frivolous" aggravation claim to secure temporary total disability payments through the issuance of an ORS 656.307 order. Although the only medical report in the record does not support an aggravation claim, the evidence shows that claimant sustained an injury to the same part of his body that already had sustained two earlier compensable injuries, the last occurring the previous year. We conclude that, under these circumstances, it was not unreasonable for claimant to make an aggravation claim in the event that his new injury claim was denied. Claimant had advanced the possibility of an aggravation before EBI denied and before Dr.

Cockburn gave his opinion. A claimant is not required to exhaust "new injury" contentions before proceeding on an aggravation claim. Further, the procedure utilized by claimant is granted by statute. Unless and until the legislature amends the statute, an insurer has the duty to comply with the statute requiring it to request a paying agent when the issue is responsibility but not compensability. Because SAIF failed unreasonably to follow the statutory scheme, a penalty was authorized.

SAIF contends that, even if its actions were unreasonable, no authority exists for imposition of this penalty. ORS 656.262(9) allows penalties for unreasonable delay or refusal to pay compensation or for unreasonable delay in acceptance or denial of a claim. SAIF contends that there is no penalty for unreasonable denial of the compensability of a claim. SAIF's denial in this instance, however, resulted in the delay of temporary total disability payments that would have otherwise issued had a paying agent order been requested. We conclude that imposition of a penalty is authorized under these circumstances. *See Elliott v. Loveness Lbr. Co.,* 61 Or App 269, 656 P2d 378 (1983).

SAIF finally contends that, even if a penalty could be assessed under ORS 656.262(9), there exists no "amounts then due" to claimant from SAIF on which to assess penalties, because it was not found to be the responsible insurer. SAIF would have us read the statute to add the words "from the insurer against whom the penalty is assessed" after the words "amounts then due." No authority exists for that construction, and it would defeat the purpose of penalties to encourage insurers to withhold benefits.

Affirmed.

**RICHARDSON, P. J.,** dissenting.

The majority says: "Because SAIF failed unreasonably to follow the statutory scheme, a penalty was authorized." Slip 63 Or App at 503. In reality, SAIF refused to play the game that claimant initiated to circumvent the statutory scheme. By affirming imposition of a maximum penalty, we give authority to a procedure that ought not be encouraged.

When claimant sustained the injury which is the basis of this claim, he was examined by Dr. Cockburn, who had been

his treating physician for the other injuries. The doctor was thus well aware of any potential relationship between the most recent injury and the prior injuries while SAIF was on the risk. He reported:

> "* * * While delivering beer on December 8, 1980, [claimant] slipped on ice and fell onto his left hip. In the examiner's opinion, he experienced an entirely new injury, not an aggravation of his old injury. He was injured in the same area of his body but by an entirely different injury."

There was no other medical evidence relating to this injury.

A claim was filed with EBI, employer's then carrier. EBI denied the claim within 14 days, and thus no temporary total disability benefits were due. ORS 656.262(4). At that point claimant would have had to request a hearing on EBI's denial. Claimant notified employer that he was asserting an aggravation claim. The only medical evidence submitted was the report of Dr. Cockburn. That report unequivocally stated that there was no aggravation of claimant's prior compensable injury. Claimant's counsel conceded during oral argument on appeal that there was no basis in the medical evidence for an aggravation claim. The claim was clearly frivolous and was filed solely to obtain temporary total disability benefits through an ORS 656.307 procedure. A "307" procedure would not have been arguably available if the claim had been honestly assessed. The majority suggests that the aggravation claim was not frivolous, because the new injury was to the same part of the claimant's body. Dr. Cockburn's report addresses that possibility and clearly denies it.

Thus, we have a frivolous aggravation claim filed solely for the purpose of obtaining temporary total disability benefits to which claimant would not have been entitled under the statutory scheme. If the statute, when correctly followed, produces an inequitable result by denying interim compensation, the matter should be addressed to the legislature.

The referee expressed indignation that SAIF could consider denying compensability of the aggravation claim and thereby thwart a "307" procedure. That expression and our affirmance of the penalty imposed turns the process on its head. Any indignation should be directed at claimant who clogged the process with a clearly frivolous aggravation claim to obtain interim benefits that he was not otherwise entitled to

receive. There was absolutely no basis for an aggravation claim, and SAIF should not have been involved in the proceedings. Because it was, by the simple filing of a claim, it was required to play the game at the risk of a substantial penalty and attorney fees.

I would not applaud the game plan as the majority does, but would reverse.