Argued and submitted February 23, affirmed October 5, 1994

In the Matter of the Compensation of
Michael L. Whitney, Claimant.

## SAIF CORPORATION
and Jerry Hammitt Logging,
*Petitioners,*

*v.*

Michael L. WHITNEY,
Rose Logging, Inc.
and EBI Companies,
*Respondents.*

(WCB 92-00485, 92-00484; CA A79277)

882 P2d 614

David L. Runner, Assistant Attorney General, argued the cause for petitioners. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Edward J. Harri argued the cause for respondent Michael L. Whitney. With him on the brief was Malagon, Moore, Johnson, Jensen & Correll.

Patric J. Doherty and VavRosky, MacColl, Olson, Doherty & Miller waived appearance for respondents Rose Logging, Inc. and EBI Companies.

Before Deits, Presiding Judge, and Richardson, Chief Judge, and Riggs, Judge.

RIGGS, J.

## RIGGS, J.

SAIF seeks review of an order of the Workers' Compensation Board imposing penalties against SAIF. SAIF argues that by awarding the maximum penalty against two different insurers in the same case, the Board exceeded the limitation on penalties contained in ORS 656.262(10)(a). We affirm.

Claimant suffered a compensable back injury in 1989 while working for EBI's insured. In 1991, claimant suffered a flare-up of back pain while working for SAIF"s insured. He filed a new injury claim with SAIF and an aggravation claim with EBI. Both insurers denied the compensability and responsibility for the claim; therefore, no order issued pursuant to ORS 656.307.[1] Claimant requested a hearing on both denials.

The Board ultimately concluded that EBI was responsible and set aside EBI's denial. In addition, the Board concluded that both insurers had unreasonably denied compensability and assessed penalties against both insurers of 25 percent of the amount due, pursuant to ORS 656.262(10)(a).

SAIF assigns error to the assessment of penalties against it. ORS 656.262(10)(a) controls our decision. It provides:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due."

SAIF argues that, by imposing 25 percent penalties against *both* insurers, the Board exceeded the 25 percent limitation in ORS 656.262(10)(a). The question is whether the 25 percent

---

[1] ORS 656.307 provides, in part:

"(1) Where there is an issue regarding:

"* * * * *

"(c) Responsibility between two or more employers or their insurers involving payment of compensation for two or more accidental injuries;

"* * * * *

"the director shall, by order, designate who shall pay the claim, if the employers and insurers admit that the claim is otherwise compensable."

is a limit on the total amount of penalties, or only the penalty assessed against a single insurer.

This case turns on the legislature's intent in enacting ORS 656.262(10)(a). We begin by looking to the text and context of the statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The statute is directed at the insurer's conduct, not at its effect on a particular claimant. If the insurer's conduct is unreasonable, then the insurer "shall" be liable for an additional amount up to 25 percent. If two insurers, or for that matter, four insurers, act unreasonably, we see no reason why they should not each be liable for a penalty of up to 25 percent. The language of the statute does not indicate that the legislature intended to limit the total amount of penalties that could be awarded, only the amount that could be awarded against any one insurer. Accordingly, we conclude that the 25 percent limitation in ORS 656.262(10)(a) applies only to the award of penalties against a particular insurer.

*SAIF v. Moyer*, 63 Or App 498, 664 P2d 1140, *rev den* 295 Or 541 (1983), supports that conclusion. In that case, SAIF unreasonably denied the compensability of a claim. We held that, even though SAIF was not responsible for the claim, it was still liable for penalties because of its unreasonable denial. SAIF's liability rested on the reasonableness of its own action, not on its responsibility to a particular claimant. The purpose of the penalties under ORS 656.262(10) is to encourage responsible claims processing. It is not appropriate that an insurer escape liability for penalties, even though it acted unreasonably, solely because another insurer is ultimately responsible for the claim.

Affirmed.